(Rev. 10/2002) Complaint

# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number: **09-CV-61185-Cohn-Seltzer**

Alan E. O'Donnell
_____
Plaintiff(s)

v.

Wachovia Bank, National Association
_____
AND
Wells Fargo + Company
_____
Defendant(s)

FILED by **VT** D.C.
ELECTRONIC

**August 4, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

I, ALAN E. O'Donnell plaintiff, in the above styled cause, sues defendant(s); Wachovia Bank, National Association AND Wells Fargo + Company

*(Allegation of jurisdiction, i.e., under which federal law or section of the U.S. Constitution this action is being filed)*

~~This action is filed under:~~ JURISDICTION

1. Plaintiff ALAN E. O'Donnell is a citizen of the State of Florida and resides in Broward County at 208 La Costa Circle, Weston, Florida 33326

2. Upon information and belief, Defendant Wachovia Bank, National Association is now, and at all times relevant to this Complaint, was a National Banking Association organized under the laws of the State of North Carolina, and is located at 301 South College Street, NC 28288, the location and state designated in Defendant's Articles of Association as its locus of its main office.

3. Upon information and belief, Defendant Wells Fargo + Company is now, and at all times relevant to this Complaint, was a corporation formed under the laws of the State of Delaware with its principle place of business at 420 Montgomery Street, San Francisco, California 94104.

4. Upon information and belief, on or about December 31, 2008, Defendant Wachovia and Defendant Wells Fargo completed a stock-for-stock merger in which Defendant Wachovia became a subsidiary of Defendant Wells Fargo, and Defendant Wells Fargo assumed the obligations of Defendant Wachovia.

5. This Court has jurisdiction over the matter set forth in Count I below without regard to the amount in controversy, persuant to 15 U.S.C. § 1693.

6. This Court has jurisdiction over the matters set forth in Counts II, III + IV below persuant to 28 U.S.C. § 1332, as these actions are of a civil nature, and the amount in controversy, without interest, exceeds the sum or value specified by 28 U.S.C. § 1332. Every issue of law and fact is wholly between citizens of different states.

## Count I

7. Plaintiff realleges and incorporates by reference paragraphs 1-5 herein, and makes such paragraphs a part hereof.

8. Sometime during 2003, Plaintiff opened a checking account with Defendant Wachovia Bank with electronic fund transfer priviledges and applied and received a debit bank card and subsequently

added his wife on the account. Plaintiff also obtained a debit card for his wife.

9. On March 4, 2007, Plaintiff left the United States and traveled to the Canary Islands, Spain, to join his wife. On or before March 12, 2007, Plaintiff attempted to use his debit card for a cash withdrawal and was denied. This action marked the date of discovery that there had been several thousands of dollars of unauthorized fraudulent electronic transactions made, which resulted in a negative balance on the account. Plaintiff's card and Plaintiff's spouse's card were rendered inoperative by Defendant Wachovia.

10. On or about March 13, 2007, Plaintiff telephoned Defendant Wachovia's East Branch in Asheville, North Carolina, to report the withdrawal denial and confirmed with said employees the existence of the fraudulant electronic fund transactions.

11. At the request of Defendant Wachovia employees, Plaintiff confirmed the oral reports of fraudulant transactions. Defendant Wachovia's employees faxed to the Plaintiff the paperwork Defendant Wachovia needed to document said losses, and requested Plaintiff obtain a local (Canary Island) police report. Plaintiff filled out the paperwork, and faxed back said paperwork with a copy of the police report to the East Branch, and telephoned the Defendant Wachovia's employees to confirm that they had received said paperwork and police report. Defendant Wachovia's employees said they had received the paperwork and

*(Statement of Facts)*

police report. These actions were completed within 2 to 3 days of the initial contact by plaintiff to report the loses. Wachovia's Defendant employees assured plaintiff that the bank would "fix" the problem, and "not to worry."

12. Despite the notification of plaintiff and the cancellation of the bank cards of the plaintiff and his spouce, Defendant Wachovia continued to allow fraudulant transactions to accumulate, resulting in additional debits to the account.

13. Defendant Wachovia did not mail or fax to plaintiff the results of any investigations which it may have conducted within 10 days of the complaint, and, in fact never disclosed such results to plaintiff.

14. Defendant Wachovia did not make a timely credit to plaintiff's account of any portion of the funds lost due to the unauthorized fraudulant electronic funds transactions.

15. Despite numerous communications by plaintiff to Defendant Wachovia's employees regarding the failure to credit plaintiff's account, Defendant Wachovia failed and refused to make such credit until on or about July 9, 2007. Such credit was made only after direct appeals were made to the Chief Executive Officer of Wachovia Bank, Ken Thompson.

16. As a direct result of Defendant Wachovia Bank's actions and inactions, plaintiff was marooned with his family in a foreign country without access to any money, for

*(Statement of Facts)*

almost four months, and was financially ruined as a result. Defendant Wachovia's actions and inactions resulted in the Plaintiff losing his home to foreclosure, his automobile to repossession, losing in excess of $115,000.00 in personal property to foreclosure, losing financial business opportunities, losing many thousands of dollars in distress sale of inventory, and defaulting on debts in excess of $40,000.00, and the utter distruction of his credit rating, and rendering said Plaintiff homeless, as well as family separation that continues to this very day.

17. Because of Defendant Wachovia Bank's actions and inactions, plaintiff was left destitute and unable to return to the United States, and, therefore, unable to obtain access to United States legal courts until after August 7, 2008.

## Count II

18. Plaintiff realleges and incorporates by reference paragraphs 1-4 and 6-17 herein, and makes such paragraphs a part hereof.

19. When Plaintiff opened his account with Defendant Wachovia, said Defendant entered into a written contract with Plaintiff which set forth Defendant's obligations regarding the protection of Plaintiff in the event of loss due to fraud and unauthorized transactions involving the bank card

*(Statement of Facts)*

ISSUED BY DEFENDANT WACHOVIA.

20. All conditions precedent have been performed by the Plaintiff.

21. Defendant Wachovia Bank has failed and neglected to perform the agreement, in that it failed to credit the Plaintiff's account in a timely manner the sums lost due to fraudulent unauthorized transactions, and Plaintiff was damaged as a result, as described in paragraph 16.

## Count III

22. Plaintiff realleges and incorporates by reference paragraphs 1-4 and 6-21 herein, and makes such paragraphs a part hereof.

23. Beginning with Plaintiff's first notification to Defendant Wachovia Bank of the suspended bank card and unauthorized fraudulent transactions, Plaintiff was repeatedly assured that the restoration of his bank card and privileges would occur in a timely manner and Plaintiff took Wachovia Bank at its word.

24. Plaintiff reasonably relied on Defendant Wachovia representations, to his detriment, and Plaintiff performed all conditions of the contract in a timely manner.

25. Defendant Wachovia's failure to perform the obligations it created by its representations to Plaintiff breached its obligations to Plaintiff who was damaged as described in paragraph 16.

*(Statement of Facts)*

# Count IV

26. Plaintiff realleges and incorporates by reference paragraphs 1-4 and 6-25 herein, and makes such paragraphs a part hereof.

27. Throughout February 2007 to March 2007, Defendant Wachovia negligently allowed numerous unauthorized fraudulent transactions on Defendant's account to occur. From on or about March 13, 2007, when Plaintiff first notified Defendant Wachovia Bank of loss due to fraud, through and until Defendant Wachovia Bank credited Plaintiff's account in July 2007, Defendant Wachovia Bank negligently processed Plaintiff's claims. Indeed, it took the offices of the Chief Executive Officer of Wachovia, Ken Thompson, to finally get the Plaintiff's accounts credited.

28. As a direct result of this negligence, Plaintiff was financially damaged, as described in paragraph 16.

*(Relief request, i.e., State what you want the Court to do or award)*

Wherefore, Plaintiff requests THAT THIS court enter A Judgement AGAINST The Defendant, WACHOVIA BANK AND Defendant Wells Fargo, OR SUCH OF THEM AS The court MAY determine, AND HOLD Them LIABLE TO The Plaintiff IN THE premises:

1. AS TO ALL Counts HEREIN, Assume JURISDICTION over The MATTERS contained HEREIN;
2. AS TO ALL Counts HEREIN, AWARD compensatory DAMAGES AGAINST The Defendants ACCORDING TO proof;
3. AS TO Count I, Plaintiff requests The court AWARD STATUTORY DAMAGES AGAINST The Defendants;
4. AS TO All counts herein, AWARD Plaintiff the costs OF This ACTION, together with reasonable ATTORNEY FEES AND Prejudgement Interest;
5. AS TO ALL Counts HEREIN, GRANT Plaintiff SUCH other Relief AS THE Court MAY Deem JUST, & PROPER; AND;
6. AS TO ALL counts Herein, Plaintiff requests A TRIAL By JURY.

Signed this 4th day of August, 2009.

ALAN E. O'Donnell
Printed or typed name of Filer

Signature of Filer

Pro se
Florida Bar Number

PLANETWATCHDOG@HOTMAIL.COM
E-mail address

954-439-1401
Phone Number

None
Facsimile Number

208 LA Costa Circle
Street Address

WESTON, FLORIDA 33326
City, State, Zip Code

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
ALAN E. O'DONNELL

**DEFENDANTS**
WACHOVIA BANK, NATIONAL ASSOCIATION AND WELLS FARGO & COMPANY

(b) County of Residence of First Listed Plaintiff: BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: NC
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
ALAN E. O'DONNELL (pro se)
208 LA COSTA CIRCLE
WESTON, FLORIDA 33326
954-439-1401

Attorneys (If Known): UNK

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:09CV61185-CMA-SLTZer

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO
JUDGE                             DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
15 USC 1693 Electronic Fund Transfer Act
28 USC 1332 Diversity, Tort & Contracts

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Excess $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD: Alan E. O'Donnell, pro se
DATE: 4 Aug 2009

FOR OFFICE USE ONLY
AMOUNT — RECEIPT # — IFP yes